IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David McWhorter, et al.,   :

    Plaintiffs,   :

  v.   :   Case No. 2:00-cv-473

Elsea, Inc., et al.,   :   MAGISTRATE JUDGE KEMP

    Defendants.   :

OPINION AND ORDER

This matter is before the Court on a motion for reconsideration filed by defendants ELSEA, Inc., ELSEA Insurance, Inc. and ELSEA Financial Services, Inc. d/b/a Mid-Ohio Financial Services. For the following reasons, the motion for reconsideration will be denied.

I.

On September 11, 2003, the Court granted in part and denied in part defendants' motion for summary judgment. The Court dismissed several claims, including, *inter alia*, alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. §§1607, et seq., the Equal Credit Opportunity Act, 15 U.S.C. §§1691, et seq., and the Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, et seq. The Court concluded that there were genuine issues of material fact as to the plaintiffs' remaining claims, which included allegations under the Truth in Lending Act ("TILA"), 15 U.S.C. 1601, et seq., and the Ohio Consumer Sales and Practices Act ("OCSPA"), Ohio Revised Code §§1345.01, et seq. The Court also concluded that there were genuine issues of material fact as to the plaintiffs' fraud claim as it relates to the defendants use of excess insurance rates and

a consent-to-rate form.

On September 22, 2006, defendants moved for reconsideration on the TILA, OCSPA and fraud claim.  In their motion, defendants argue that the Court erred in denying their motion for summary judgment on those three claims.  Specifically, the defendants contend, in a very detailed memorandum, that the plaintiffs received the requisite TILA disclosures prior to committing to a consumer transaction.  Further, the defendants suggest that the plaintiffs never responded to the defendants' request to make repairs to their mobile home under the warranty.  Finally, the defendants argue that they received the necessary signatures and authorization to charge plaintiffs excess insurance rates.

In response, the plaintiffs contend that a Court can only grant a motion for reconsideration if there (1) is an intervening change in controlling law; (2) is newly discovered evidence; or (3) to correct a clear error of law or to prevent a manifest injustice. According to the plaintiffs, the defendants are merely trying to re-litigate the original summary judgment motion, which is not permitted in a motion for reconsideration.

II.

As the United States Supreme Court observed in <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 12 (1983), "every order short of a final decree is subject to reopening at the discretion of the district judge." The Court of Appeals for the Sixth Circuit has made similar observations. "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. <u>Marconi Wireless Telegraph Co. v. United States</u>, 320 U.S. 1 (1943).  A district court may modify, or even rescind, such interlocutory orders. <u>Simmons Co. v. Grier Brothers Co.</u>, 258 U.S. 82, 88 (1922)." <u>Mallory v. Eyrich</u>, 922 F.2d 1273, 1282 (1991).  Thus,

> an order of partial summary judgment is

> interlocutory in nature. See, e.g., 11 Moore's Federal Practice §56.40[3] (Matthew Bender 3d ed.) ("A partial summary judgment order is interlocutory..."). Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. See 12 Moore's Federal Practice §60.23 ("Rule 60(b) does not govern relief from interlocutory orders...."). This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. See Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); cf. Fed.R.Civ.P. 54(b) (providing that interlocutory orders that resolve fewer than all claims are "subject to revision at any time before the entry of [final] judgment"). Said power is committed to the discretion of the district court ....

American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir.2003).

Although Rule 60(b) (and, for that matter, Fed.R.Civ.P. 59(e)) do not supply the power or the standard for deciding whether to reconsider an interlocutory order, courts have generally applied criteria that respect the need to grant some measure of finality even to interlocutory orders and which discourage the filing of endless motions for reconsideration. Thus, as the court observed in Rottmund v. Continental Assur. Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992, "[a] federal district court has inherent power over interlocutory orders and may modify, vacate, or set aside these orders 'when it is consonant with justice to do so.' United States v. Jerry, 487 F.2d 600, 605 (3d Cir.1973). Because of the interest in finality, however, courts should grant motions for reconsideration sparingly." Courts will find justification for

3

reconsidering interlocutory orders when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) to correct a clear error of law or to prevent a manifest injustice. Rodriquez v. Tennessee Laborers Health & Welfare Fund, 89 Fed.Appx. 949, 959 (6th Cir. Feb. 6, 2004)(citing Reich v. Hall Holding Co., 990 F.Supp. 955, 965 (N.D. Ohio 1998)).  Generally, a manifest injustice or a clear error of law requires unique circumstances, such as injunctive relief scenarios or superseding factual scenarios.  See, e.g., Davis by Davis v. Jellico Comm. Hosp. Inc., 912 F.2d 129, 133 (6th Cir.1999)(no manifest injustice when trial court refused to reexamine the issue of damages in a jury verdict when plaintiff died after jury verdict was reached); Collison v. Int'l Chem. Workers Union, Local 217, 34 F.3d 233, 236 (4th Cir.1994)(clear error of law because the district court failed to address a due process claim); Hayes v. Douglas Dynamic, Inc., 8 F.3d 88, 90 n.3 (1st. Cir.1993)(motion to reconsider presented no new information).

A review of the defendants' motion for reconsideration in the instant case appears to be an attempt to re-litigate the issues presented in their motion for summary judgment.  As indicated, *supra*, a motion for reconsideration is not an opportunity for the Court to re-evaluate the arguments made at the summary judgment stage.  Rather, a motion for reconsideration provides a party with the opportunity to seek relief from the Court if there is an intervening change in controlling law, newly discovered evidence, or to prevent a clear error of law or manifest injustice.  The defendants' motion for reconsideration, however, does not address any of those three issues.  Instead, the defendants' request is a motion for summary judgment disguised as a motion for reconsideration, which falls squarely outside the criteria which justify a motion to reconsider an interlocutory order.  In the interest of finality, the Court will not re-visit the defendants'

4

motion for summary judgment because the defendants already had an opportunity to make these arguments.

III.

Accordingly, defendants' motion for reconsideration (doc. #121) is DENIED.

    /s/ Terence P. Kemp
United States Magistrate Judge