IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David McWhorter, et al.,           :

    Plaintiffs,                :

  v.                             :     Case No. 2:00-cv-473

Elsea, Inc., et al.,               :     MAGISTRATE JUDGE KEMP

    Defendants.                :     JUDGE SMITH

OPINION AND ORDER

This matter is before the Court on a motion to intervene filed by American Modern Home Insurance Company ("American Modern"). The case was referred to the Magistrate Judge for full disposition pursuant to 28 U.S.C. §636(c). However, the proposed intervenor, American Modern, has not consented to the jurisdiction of the Magistrate Judge. There are conflicting decisions about whether the Magistrate Judge may deny a motion to intervene in a consent case. See, e.g., New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc., 996 F.2d 21 (2d Cir.1993)(express consent from proposed intervenors needed for magistrate judge to deny motion to intervene); but see People Who Care v. Rockford Bd. of Ed., 171 F.3d 1083, 1089 (7th Cir.1999)("[T]he power to rule on motions to intervene is a necessary and proper incident of the magistrate judge's power to decide the underlying case"). The Court of Appeals for the Sixth Circuit has not addressed the issue. Consequently, the District Judge originally assigned to this case will make the ruling on the motion to intervene. For the following reasons, the motion to intervene will be denied.

I.

The plaintiffs brought this class action against defendants

ELSEA, Inc., ELSEA Insurance, Inc. and ELSEA Financial Services, Inc. d/b/a Mid-Ohio Financial Services (collectively known as "defendants") alleging, *inter alia*, violations of the Fair Debt Collections Practices Act, 15 U.S.C. §§1607, et seq., the Equal Credit Opportunity Act, 15 U.S.C. §§1691, et seq., and the Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, et seq.  On July 16, 2001, the defendants moved for partial summary judgment, and on September 11, 2003, the Court granted in part and denied in part that motion.  Discovery has been closed since early 2003, and the claims remaining after summary judgment are set for trial on March 12, 2007.

On September 21, 2006, American Modern filed a motion to intervene in this case pursuant to Fed.R.Civ.P. 24.  In the motion, American Modern seeks a declaratory judgment on the issue of whether the actions of the defendants as alleged in the complaint are covered under their American Modern insurance policy.  Further, American Modern requests the Court to allow it to submit jury interrogatories to help determine whether the American Modern insurance policies are implicated by any judgment the jury would render.  (Mem. in Supp. of American Modern's Mot. to Intervene at p. 1.)  American Modern's motion to intervene is opposed by both the plaintiffs and the defendants.

II.

Rule 24 states, in pertinent part:

> (a) **Intervention of Right**.  Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

> (b) **Permissive Intervention**.  Upon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common. *** In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24.  In determining whether an application for intervention is "timely" within the meaning of Rule 24, a court must consider (a) the point to which the case has progressed; (b) the purpose for which the intervention is sought; (c) the length of time preceding the application for intervention during which the proposed-intervenor knew or should have known of its interest in the case; (d) prejudice to the original parties; and (e) any unusual circumstances.  <u>Linton by Arnold v. Comm. of Health and Environment, State of Tennessee</u>, 973 F.2d 1311, 1317 (6th Cir.1992).

In American Modern's motion to intervene, it argues that if intervention is denied, its ability to protect its interest will be impaired.  American Modern contends,

> [a]s a preliminary matter ... [American Modern] may not be able to timely address its declaratory judgment action in a separate state court action. Moreover, if the trier of fact returns a general verdict in this case, both Plaintiffs and Defendants will undoubtedly argue that such general damages are covered by the [American Modern] Policies. Under such circumstances, [American Modern] could be precluded from trying to differentiate between covered (if any) and uncovered damages. *** Simply put, if [American Modern] is not permitted to intervene, there is no way (including a separate declaratory judgment action) for [American Modern] to protect against a general verdict untested by special interrogatories.

(Mem. in Supp. of American Modern's Mot. to Intervene at p. 4.)

In response, the defendants assert that when this suit was filed in 2000, defendants gave timely notice of the complaint to American Modern. As a result, American Modern has provided the defendants with counsel in this litigation. Simply put, the defendants argue that American Modern has had ample opportunity to intervene, and, at this point, its intervention is untimely. Further, both the plaintiffs and the defendants highlight that this case has been pending for more than six years and over one hundred and thirty documents have been filed. Additionally, both parties note that the case is set for trial in March 2007 and that a pre-trial schedule, including dates to file motions in limine, jury instructions, and other documents has been established. The plaintiffs and the defendants argue that American Modern's intervention in the case and request to re-open discovery will prejudice the original parties this late in the litigation. Finally, given the stage of this litigation, the original parties claim that the focus should be on trial preparation, not American Modern's intervention.

In the instant case, it appears that American Modern has satisfied a majority of the required factors for intervention pursuant to both Rule 24(a) and (b). For instance, under Rule 24(a), it appears that American Modern, as the defendants' insurance company, has a substantial legal interest in the outcome of this litigation. If plaintiffs win this case, American Modern could be responsible for indemnifying the defendants. The Court also notes that American Modern's interest could potentially be impaired because its interests in clarifying the nature of any adverse judgment is not represented in the matter. Similarly, under Rule 24(b) intervention, it appears that American Modern's interest in the case shares a question of fact and law with those being litigated by the plaintiffs and the defendants.

Despite those observations, however, Rule 24 intervention, under both (a) and (b), also requires that the applicant's intervention be timely. If it is not, intervention must be denied. This case has been pending for six years and is set for trial on March 12, 2007. There has been extensive discovery in this case, which ended in 2003. Additionally, over one hundred and thirty documents have been filed on the docket, including a motion for partial summary judgment that was granted in part and denied in part.

Further, as evidenced by American Modern's assistance in providing the defendants with counsel, American Modern has known about this lawsuit since its inception six years ago. Despite this fact, American Modern moved to intervene five months before trial. The Court notes that American Modern has failed to address why it waited to the waning days of the litigation to protect its alleged interests.

Finally, in its application for intervention, American Modern seeks a declaratory judgment, which, according to American Modern, can be resolved after a brief period of discovery. Given the fact that the trial is set for March 12, 2007 and a preliminary trial plan sets forth firm dates for the parties to file motions in limine, expert reports, jury interrogatories, and other such documents, the Court concludes that it would be prejudicial to the plaintiffs and the defendants to postpone their pre-trial preparations to re-open discovery for the proposed-intervenor mere months before trial. The Court's conclusion is more firmly supported by the fact that American Modern had six years to attempt to intervene in this litigation but failed to do so. The Court agrees with the original parties' contention that the focus at this stage in the litigation is trial, not American Modern's interest in the lawsuit.

Accordingly, the Court concludes that its motion is untimely.

In this instance, the untimeliness of the motion outweighs all other factors.

### III.

Based on the foregoing, American Modern's motion to intervene (doc. #120) is DENIED.

/s/ George C. Smith
George C. Smith
United States District Judge