IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David McWhorter, et al.,          :

    Plaintiffs,              :

  v.                               :    Case No. 2:00-cv-473

Elsea, Inc., et al.,              :    MAGISTRATE JUDGE KEMP

    Defendants.              :    JUDGE SMITH

OPINION AND ORDER

This matter is before the Court on a motion to stay proceedings filed by proposed-intervenor American Modern Home Insurance Company ("AMHIC"). On December 6, 2006, this Court denied AMHIC's motion to intervene because, *inter alia*, it was untimely within the standards established in Fed.R.Civ.P. 24(a) and (b).[1] AMHIC immediately appealed the decision to the Court of Appeals and moved to stay this proceeding. For the following reasons, the motion to stay proceedings will be denied.

I.

When determining whether a stay of proceedings should be granted, a court focuses on (1) the likelihood that the party seeking the stay will prevail on the merits on appeal; (2) the likelihood that the party seeking the stay will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the motion to stay; and (4) the public interest in granting the stay. <u>Michigan Coalition of Radioactive Material</u>

---

[1] For reasons stated in the Opinion and Order denying the motion to intervene, the District Judge originally assigned to the case will issue this Order. (<u>See</u> Opinion and Order Denying AMHIC's Motion to Intervene (doc. #147).)

1

Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991). The factors are not prerequisites but are interrelated considerations to be used when determining whether a stay should be granted. Id. (citing In re DeLorean Motor Co., 755 F.2d 1223 (6th Cir.1985)). Generally, the party seeking a stay of proceedings must demonstrate that there is a likelihood of reversal on appeal. Id. The Court of Appeals stated:

> To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere possibility of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, serious questions going to the merits.

Id. at 153-54 (internal citations and quotations omitted).

Finally, when determining the harm that will occur if a stay is or is not granted, a court examines (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. Id. at 154. The focus is irreparable harm, which is more than mere injuries relating to time, money, or energy expended in the absence of a stay. Id.

II.

When applying the Griepentrog factors to the instant case, the Court concludes that this is not an instance where granting a stay is appropriate. First, given the posture of the case and the temporal proximity to trial, AHMIC's motion to intervene was untimely. As the Court previously noted, this case has been

2

pending for over six years and is set for trial on March 12, 2007. Further, because AMHIC has assisted the defendants with counsel in this case, the Court infers that AMHIC has been aware of the litigation.  The Court also notes that discovery ended over three years ago and over one hundred and sixty documents have been filed on the docket, including partial motions for summary judgment. Despite all of this, AMHIC did not move to intervene until September of 2006.  Because the motion to intervene was untimely, it is not likely that AMHIC will prevail on the merits of the appeal.

Second, the Court concludes that AMHIC will not be irreparably harmed if the stay is denied.  In AMHIC's motion to stay proceedings, AMHIC argues that intervention should have been granted to the limited extent of allowing AMHIC to submit jury interrogatories to determine whether AMHIC's policies are implicated by any judgment in favor of the plaintiffs in this case. The Court notes that by drafting appropriate jury interrogatories or special verdict questions, the Court can satisfy AMHIC's inquires without granting AMHIC's motion to intervene or its motion to stay proceedings.  This reduces or eliminates any potential harm to AHMIC.

Finally, because this case is nearing trial and discovery has been closed for almost three years, the Court concludes that the parties involved in the litigation will be harmed if the stay is granted.  It is a better exercise of discretion, considering both the public interest and the interests of the parties in this case, to deny the motion to stay and continue with the trial on March 12, 2007.  That is especially true given the class notices that have been sent and the length of time the case has been pending on the Court's docket.

III.

Based on the foregoing, AMHIC's motion to stay proceedings

3

(doc. #159) is DENIED.

                                                     /s/ George C. Smith  
                                                     George C. Smith  
                                                     United States District Judge